IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| **CHAD KERNS**<br>77220 Old Twenty-One Drive<br>Kimbolton, Ohio 43749<br><br>     **Plaintiff,**<br><br>vs.<br><br>**GUERNSEY COUNTY**<br>**SHERIFF'S OFFICE**<br>601 Southgate Parkway<br>Cambridge, Ohio 43725<br>and,<br><br>**SHERIFF JEFF PADEN**<br>(In his official capacity as Sheriff of Guernsey County and as an Individual)<br>601 Southgate Parkway<br>Cambridge, Ohio 43725<br>and,<br><br>**MAJOR JEREMY WILKINSON**<br>(In his official capacity as a Major of Guernsey County and as an Individual)<br>601 Southgate Parkway<br>Cambridge, Ohio 43725<br>and,<br><br>**JOHN/JANE DOE'S,**<br>(Individuals 1-10, employees and/or agents of Guernsey County Sheriff's Office whose names and addresses cannot be ascertained at this time.)<br>**Defendants.** | **CASE NO.**<br><br>**JUDGE**<br><br><br><br>**COMPLAINT**<br> **(WITH JURY DEMAND)** |

Now comes Plaintiff Chad Kerns ("Mr. Kerns"), by and through his counsel, Michael J. Connick and Jamie A. Farmer, and for his Complaint against the Guernsey County Sheriff's Office, Sheriff Jeffrey Paden, in his official capacity and individually, Major Jeremy Wilkinson, in his official capacity and individually and John/Jane Doe's (individuals 1-10) (hereinafter collectively referred to as "Defendants") and states as follows:

## PARTIES:

1. Mr. Kerns individual residing within the jurisdiction of this Court and a Deputy Sheriff with the Guernsey County Sheriff's Office.

2. The Guernsey County Sheriff's Office ("GCSO") is a governmental entity duly vested as a law enforcement agency within Guernsey County, Ohio.

3. Defendant Sheriff Jeffrey Paden ("Paden") is and at all relevant times herein an individual and the Elected Sheriff of Guernsey County, Ohio. Sheriff's Office.

4. Defendant Major Jeremy Wilkinson ("Wilkinson") is and at all relevant times herein an individual and a Deputy Sheriff unilaterally appointed by Paden to the rank of Major in the GCSO which is a command staff position with broad authority over the actions of the GCSO.

## JURISDICTION AND VENUE:

5. This action arises under the Constitution and Laws of the United States of America, including Article II, Section 1 of the United State Constitution and is brought pursuant to 42 U.S.C. § 1983 and its supplemental jurisdiction.

6. The Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 1343 and 2201.

7. Venue is proper in the Southern District of Ohio pursuant to 28 U.S.C. § 1391, as the Defendants reside in and the claim arose in the Southern District of Ohio.

## FACTUAL ALLEGATIONS:

8. Mr. Kerns has been a Deputy Sheriff employed by the Guernsey County Sheriff's Office ("GCSO") since 1999.  Mr. Kerns is a 42-year-old Caucasian married male with two children and is a Guernsey County resident.

9. Mr. Kerns is an experienced Sheriff's Deputy, who is senior to many of the deputies employed in the GCSO. Specifically, Mr. Kerns has the highest seniority in the Road Division and Corrections Division and has the 5th highest seniority in the GCSO overall.  Mr. Kerns' position is a union employee and a member of the Fraternal Order of Police.  Prior to the filing of this action, Mr. Kerns availed himself of all available relief under the Collective Bargaining Agreement and expired any available union remedy prior to filing this action.

10. Mr. Kerns has an exemplary record with the GCSO and has received extensive training in the course of his responsibilities with the GCSO.

11. In the course of his employment with the GCSO, Mr. Kerns has served as a Road Deputy; School Resource Officer for Rolling Hills School District aka Meadowbrook (hereinafter referred to as "Meadowbrook"); and in retaliation is now assigned to the Guernsey County Jail.

12. Mr. Kerns has been extensively trained as a School Resource Officer successfully completing the Ohio School Resource Officers Training, the National School Resource Officers Training and the Advance National School Resource Officer Training and follows the protocol from these specialized trainings along with the policies and procedures of GCSO.  The Rolling Hills Board of Education ("BOE") and the administration of its schools in which Mr. Kerns has been assigned as a School Resource Officer have consistently given Mr. Kerns positive performance evaluations.  Mr. Kerns has served as a School Resource Officer without incident and with tremendous pride.

13. In February of 2018, Mr. Kerns while on duty as a Deputy Sheriff assigned as a School Resource Officer, Mr. Kerns was requested by a school official to be present at the meeting with a student's parent and school administration due to the parent's prior disruptive behavior at the school.  The parent, Mr. Marvin Benson ("Mr. Benson"), became disruptive during the short meeting and Mr. Kerns requested that he leave the building which occurred without incident or arrest.  Through the course of his employment as a School Resource Officer, Mr. Kerns received specific instructions from the command staff of GSCO not to do an incident or investigation report unless there was an arrest made or criminal action warranting an investigation.  As such, Mr. Kerns obeyed the directions of his superiors and the written and/or oral policies of the GCSO during his limited interaction with Marvin Benson.

14. On or about April 16, 2018, Marvin Benson killed his son, who was the student subject to the meeting between the school administration and Mr. Benson. Mr. Benson was subsequently indicted and convicted of involuntary manslaughter, child endangerment and felonious assault as a result of the death of his son.

15. After the child's killing, Mr. Kerns learned that the GSCO has initiated an internal investigation regarding Mr. Kerns due to this incident. During the internal investigation, the GCSO unilaterally and without cause expanded their internal investigation to other matters with the intent to disparage, harass, slander Mr. Kerns within the Guernsey County Sheriff's Office, Meadowbrook, its employees, agents, the BOE, and Guernsey County at large. In essence, the GCSO made Mr. Kerns the scapegoat for Meadowbrook and GCSO's failure to prevent the death of Mr. Benson's son.

16. Ultimately, the GCSO held a meeting demoting Mr. Kerns to a position on the jail staff despite making public, self-serving statements, that the move was not "punishment" but was to help with manage the overtime in the jail. At that time, GSCO did not deprive Mr. Kerns of his marked cruiser or advise him that the demotion to the jail was permanent.

17. On or about May 18, 2018 after his reassignment, the GCSO posted a position for a Road Deputy but denied Mr. Kerns the right to apply for that position despite his seniority. Paden and Wilkinson's persecution of Mr. Kerns was just beginning.

18. To date, Mr. Kerns remains assigned to the jail despite a formal request to move to

a different assignment. Mr. Kerns has been ignored for any re-assignments without reasonable justification despite his seniority. At least 5 individuals under the age of 40 have been hired or reassigned to various positions within the GCSO including positions that Mr. Kerns has seniority.

19. In June of 2018, the GSCO through Paden and Wilkinson revoked Mr. Kerns' longstanding privilege to a marked cruiser. The revocation of Mr. Kerns' marked cruiser was retaliatory and designed by Paden and Wilkinson to deprive Mr. Kerns of his ability to "moonlight" and to earn supplemental income, which has long been the custom of GCSO, whose deputies regularly rely on this supplemental income and the opportunities to obtain it.

20. Throughout the course of Mr. Kerns' employment with the GCSO, Mr. Kerns worked many extra pay assignments and relied on this supplemental income to support his household. Since June of 2018 Mr. Kerns has been unable to undertake any extra pay assignments due to the fact the GCSO _now_ specifically mandates that anyone requesting these assignments _must_ be assigned a marked GCSO cruiser. Mr. Kerns has been caused significant financial damage and emotional distress to not only Mr. Kerns but also to his wife and children.

21. Paden and Wilkinson further have engaged in a pattern of behavior to continually target Mr. Kerns in their retaliatory conduct of Mr. Kerns and their blatant attempt to constructively discharge Mr. Kerns from his long-time employment with the GCSO.

22. Paden has been vocal in expressing his disdain for Mr. Kerns and that Mr. Kerns better not mess with them. Paden has stated in public and to employees that he only allows Mr. Kerns to remain employed (even though Mr. Kerns has union protection) with the GCSO because Mr. Kerns has a large family in Guernsey County and that could impact his votes in future elections.

23. Through Paden's and Wilkinson's have gone so far as to issue direct orders to subordinates within the GCSO that Mr. Kerns may not maintain outside employment that has no relationship to law enforcement activity.  That policy only applies to Mr. Kerns unlike others within the GCSO.  Further retaliation by Paden and Wilkinson, involves changing Mr. Kerns' work schedule so that he no longer has weekends off despite his seniority to bid otherwise.  Paden and Wilkinson have gone so far as to deny Mr. Kerns sick leave when it was properly requested.

24. Paden has regularly taken time during his work day to visit Mr. Kerns in the Guernsey County Jail to berate and taunt him in front of inmates without regard to any safety risk that may arise as a result of Paden's unprofessional and unjustifiable threats.

25. Wilkinson conduct relating to Mr. Kerns is intentional and has been calculated by Wilkinson in his ever-increasing efforts to subject Mr. Kerns to a hostile work environment.  Wilkinson has been so petty and abusive so as to verbally reprimand Mr. Kerns for not waving at him when Mr. Kerns was off duty.

26. Collectively and with all paragraphs incorporated herein, Defendants have

engaged in conduct described by this Complaint willfully, maliciously, in bad faith with reckless disregard of Mr. Kerns' federally protected constitutional rights.

27. Defendants engaged in this conduct with a shocking and willful indifference to Mr. Kerns' rights and Defendants' conscious awareness that they would cause Mr. Kerns severe mental and emotional injury and economic damages.

28. Defendants acts and/or omissions are the moving force behind Mr. Kerns injury and damages.

29. Defendants, individually and in their professional capacity, acted in concert and joint action with each other to engage in this behavior towards Mr. Kerns.

30. The acts and/or omissions of Defendants as described herein intentionally and/or recklessly deprived to Mr. Kerns' constitutional rights and caused other damages.

31. These Defendants are not entitled to qualified immunity for the conducted so alleged in this Complaint.

32. Defendants were at all times relevant herein acting pursuant to county policy, decision, ordinance, regulation, widespread habit, usage or practice in their actions pertaining to Mr. Kerns.

33. As a proximate result of Defendants' actions and conduct, Mr. Kerns has suffered actual physical and emotional injuries and other damages and losses as described herein, entitling him to compensatory and special damages in amounts to be determined at trial. As a further result of the Defendants' unlawful conduct, Mr. Kerns has incurred special damages and will incur further special damages in the

amounts to be demonstrated at trial.

34. On information and belief, Mr. Kerns may suffer lost future earnings and impaired earning capabilities in the amounts to be ascertained at trial. Mr. Kerns is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. § 1988, as well as pre-judgment interest and costs allowable by Federal and State Law. There may also be special damages for lien interests.

35. In additional to compensatory, economic, consequential damages, Mr. Kerns is entitled to punitive damages against each of the individually named Defendants under 42 U.S.C. § 1983 in that the actions of each of these individual Defendants have been take maliciously, willfully or with a reckless or wanton disregard of the rights of Mr. Kerns.

### FIRST CLAIM FOR RELIEF: VIOLATION OF 42 U.S.C. § 1983 AGAINST DEFENDANT EMPLOYER

36. Plaintiff incorporates Paragraphs 1-35 as if fully rewritten herein.

37. This count is brought against Paden in his official capacity of the Elected Guernsey County Sheriff for the unlawful conduct of his agents, servants and employees, the policies, practices and conduct with respect to such agents, servants and employees and his deliberate indifference towards Mr. Kerns constitutional rights.

38. At all relevant times both Paden and said agents, servants and employees were acting under the direction and control of Defendant Paden under the color of state law.

39. Paden, directly or indirectly, and under the color of law, acted with deliberate

indifference towards Mr. Kerns constitutional rights and is not entitled to qualified immunity.

40. As a direct and proximate result of the Defendants' actions and inactions, Mr. Kerns has suffered damages, including bodily injury, pain, suffering, mental distress, anguish, humiliation, economic loss and legal expenses as set forth herein which exceed $25,000. Further, Defendants' conduct is reckless and malicious, and as such Mr. Kerns is entitled to punitive damages in an amount sufficient to deter such conduct in the future. Further, Mr. Kerns is entitled to any other relief applicable under the law for this claim.

### SECOND CLAIM FOR RELIEF: VIOLATION OF 42 U.S.C. § 1983 AGAINST DEFENDANT EMPLOYER

41. Plaintiff incorporates Paragraphs 1-40 as if fully rewritten herein.

42. This count is brought Wilkinson in his official capacity as the Major at the GSCO for the unlawful conduct of his agents, servants and employees, the policies, practices and conduct with respect to such agents, servants and employees and his deliberate indifference towards Mr. Kerns constitutional rights.

43. At all relevant times Wilkinson was acting under the direction and control of Defendant Paden under the color of state law.

44. Wilkinson, directly or indirectly, and under the color of law, acted with deliberate indifference towards Mr. Kerns constitutional rights and is not entitled to qualified immunity.

45. As a direct and proximate result of the Defendants' actions and inactions, Mr. Kerns

has suffered damages, including bodily injury, pain, suffering, mental distress, anguish, humiliation, economic loss and legal expenses as set forth herein which exceed $25,000. Further, Defendants' conduct is reckless and malicious, and as such Mr. Kerns is entitled to punitive damages in an amount sufficient to deter such conduct in the future. Further, Mr. Kerns is entitled to any other relief applicable under the law for this claim.

### THIRD CLAIM FOR RELIEF: 42 U.S.C. § 1983 CONSPIRACY TO DEPRIVE PLAINTIFF OF HIS CONSTITUTIONAL RIGHTS

46. Paragraph 1-45 of this Complaint is incorporated as if restated fully herein.

47. Each of the Defendants, individually and acting in concert with the other known and unknown co-conspirators, conspired by concerted action to accomplish and unlawful purpose by unlawful means in violation of Mr. Kerns' Constitutional Rights in his equal protection and treatment under the law pursuant to the United States Constitution 14th Amendment, and his right to free speech pursuant to the United States 1st Amendment.

48. In furtherance of this conspiracy, each of the Defendants committed specific overt acts for the purpose of violating Mr. Kerns' rights. The Defendant accomplished this goal by using unreasonable tactics to apply disciplinary action and retaliation.

49. Each individual Defendant is therefore liable for the violation of Mr. Kerns' constitutional rights by any other individual Defendant.

50. As a direct and proximate result of the Defendants' actions and inactions, Mr. Kerns has suffered damages, including bodily injury, pain, suffering, mental distress,

anguish, humiliation, economic loss and legal expenses as set forth herein which exceed $25,000. Further, Defendants' conduct is reckless and malicious, and as such Mr. Kerns is entitled to punitive damages in an amount sufficient to deter such conduct in the future.  Further, Mr. Kerns is entitled to any other relief applicable under the law for this claim.

### FOURTH CLAIM FOR RELIEF: HOSTILE WORK ENVIRONMENT- HARASSMENT

51. Paragraph 1- 50 of this Complaint is incorporated as if restated fully herein.

52. Defendants' extreme and outrageous conduct toward Mr. Kerns has been rooted in abuse of power and authority.  Defendants' actions constituted harassment of Mr. Kerns in the workplace, either by intentionally or recklessly disregarding Mr. Kerns' rights. The collective actions have created a hostile work environment.

53. As a direct and proximate result of the Defendants' actions and inactions, Mr. Kerns has suffered damages, including bodily injury, pain, suffering, mental distress, anguish, humiliation, economic loss and legal expenses as set forth herein which exceed $25,000. Further, Defendants' conduct is reckless and malicious, and as such Mr. Kerns is entitled to punitive damages in an amount sufficient to deter such conduct in the future.  Further, Mr. Kerns is entitled to any other relief applicable under the law for this claim.

### FIFTH CLAIM FOR RELIEF: INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

54. Paragraph 1-53 of this Complaint is incorporated as if restated fully herein.

55. Defendants Paden and Wilkinson's conduct and orders to subordinates to engage

in actions towards Mr. Kerns has been extreme and outrageous. Actions of Defendant Paden and Wilkinson intentionally, willfully and negligently caused Mr. Kerns to suffer from severe emotional distress.

56. As a direct and proximate result of the Defendants' actions and inactions, Mr. Kerns has suffered damages, including bodily injury, pain, suffering, mental distress, anguish, humiliation, economic loss and legal expenses as set forth herein which exceed $25,000. Further, Defendants' conduct is reckless and malicious, and as such Mr. Kerns is entitled to punitive damages in an amount sufficient to deter such conduct in the future.  Further, Mr. Kerns is entitled to any other relief applicable under the law for this claim.

## SIXTH CLAIM FOR RELIEF:  INVASION OF PRIVACY-FALSE LIGHT

57. Paragraph 1-56 of this Complaint is incorporated as if restated fully herein.

58. Defendants' actions towards Mr. Kerns before the public has placed Mr. Kerns in a false light that would be highly offensive to a reasonable person and created an invasion of his privacy.

59. As a direct and proximate result of the Defendants' actions and inactions, Mr. Kerns has suffered damages, including bodily injury, pain, suffering, mental distress, anguish, humiliation, economic loss and legal expenses as set forth herein which exceed $25,000. Further, Defendants' conduct is reckless and malicious, and as such Mr. Kerns is entitled to punitive damages in an amount sufficient to deter such conduct in the future.  Further, Mr. Kerns is entitled to any other relief applicable

under the law for this claim.

### SEVENTH CLAIM FOR RELIEF: DEFAMATION

60. Paragraph 1-59 of this Complaint is incorporated as if restated fully herein.

61. Defendant Paden and Wilkinson have made numerous false and misleading statements to the GSCO and the public to render false allegations about Mr. Kerns, with knowledge that statements were false or with reckless disregard of whether the statements were false or not or with reckless disregard of whether the statements were false of not.

62. As a direct and proximate result of the Defendants' actions and inactions, Mr. Kerns has suffered damages, including bodily injury, pain, suffering, mental distress, anguish, humiliation, economic loss and legal expenses as set forth herein which exceed $25,000. Further, Defendants' conduct is reckless and malicious, and as such Mr. Kerns is entitled to punitive damages in an amount sufficient to deter such conduct in the future.  Further, Mr. Kerns is entitled to any other relief applicable under the law for this claim.

**WHEREFORE,** Plaintiff, Chad Kerns, having fully plead this cause, demand that this Honorable Court find the Defendants to be liable, jointly and severally, as follows:

1. On the First Claim for Relief, judgment in favor of Mr. Kerns against    Defendants, jointly and severally in the amount in excess of Twenty-Five Thousand Dollars ($25,000), which will be proven at trial and punitive damages in an amount sufficient to deter said conduct in the future.

2. On the Second Claim for Relief, judgment in favor of Mr. Kerns against Defendants, jointly and severally in the amount in excess of Twenty-Five Thousand Dollars ($25,000), which will be proven at trial and punitive damages in an amount sufficient to deter said conduct in the future.

3. On the Third Claim for Relief, judgment in favor of Mr. Kerns against Defendants, jointly and severally in the amount in excess of Twenty-Five Thousand Dollars ($25,000), which will be proven at trial and punitive damages in an amount sufficient to deter said conduct in the future.

4. On the Fourth Claim for Relief, judgment in favor of Mr. Kerns against Defendants, jointly and severally in the amount in excess of Twenty-Five Thousand Dollars ($25,000), which will be proven at trial and punitive damages in an amount enough to deter said conduct in the future.

5. On the Fifth Claim for Relief, judgment in favor of Mr. Kerns against Defendants, jointly and severally in the amount in excess of Twenty-Five Thousand Dollars ($25,000), which will be proven at trial and punitive damages in an amount enough to deter said conduct in the future.

6. On the Sixth Claim for Relief, judgment in favor of Mr. Kerns against Defendants, jointly and severally in the amount in excess of Twenty-Five Thousand Dollars ($25,000), which will be proven at trial and punitive damages in an amount enough to deter said conduct in the future.

7. On the Seventh Claim for Relief, judgment in favor of Mr. Kerns against Defendants,

jointly and severally in the amount in excess of Twenty-Five Thousand Dollars ($25,000), which will be proven at trial and punitive damages in an amount enough to deter said conduct in the future.

8.  For the costs of this action, including an award of attorneys' fees and for such other relief as this Court deems just and necessary.

                                      Respectfully submitted,

                                      /s/ Michael J. Connick
                                      Michael J. Connick (0046624)
                                      mconnick@mjconnick.com
                                      Michael J. Connick, Co., L.P.A.
                                      301 Main Street, Suite H
                                      Zanesville, Ohio 43701
                                      Phone (216) 924-2010, Fax: (888) 422-9866
                                      *Counsel for Plaintiff Chad Kerns*

                                      /s/ Jamie A. Farmer
                                      Jamie A. Farmer (0080160)
                                      Jamiealison80@gmail.com
                                      Law Office of Jamie Farmer, LLC
                                      301 Main Street, Suite H
                                      Zanesville, Ohio 43701
                                      Phone: (740) 868-6588, Fax: (888) 422-9866
                                      *Counsel for Plaintiff Chad Kerns*

## JURY DEMAND

Plaintiff respectfully demands a jury on all issues that may be tried to a jury.

                    Respectfully submitted,

                    /s/ Michael J. Connick
                    Michael J. Connick (0046624)
                    mconnick@mjconnick.com
                    Michael J. Connick, Co., L.P.A.
                    301 Main Street, Suite H
                    Zanesville, Ohio 43701
                    Phone (216) 924-2010, Fax: (888) 422-9866
                    *Counsel for Plaintiff Chad Kerns*

                        /s/ Jamie A. Farmer
                    Jamie A. Farmer (0080160)
                    Jamiealison80@gmail.com
                    Law Office of Jamie Farmer, LLC
                    301 Main Street, Suite H
                    Zanesville, Ohio 43701
                    Phone: (740) 868-6588, Fax: (888) 422-9866
                    *Counsel for Plaintiff Chad Kerns*